McNAMARA v. CITY OF NEW YORK et al.

(Supreme Court, Appellate Division, First Department. May 5, 1911.)

MUNICIPAL CORPORATIONS (§ 751*)—NEGLIGENCE OF SUBCONTRACTOR—LIABILITY OF OWNER.

Defendant city contracted for the construction of a viaduct, and the contractor subcontracted the steel construction work. Plaintiff was injured while walking under the viaduct, while the steel work was being painted by the subcontractor, by an employé letting a piece of plank used as a scaffold in painting fall upon him. *Held* that, since the work of painting was not inherently dangerous, the city was not liable for the injuries which were caused by the negligence of the subcontractor's workman, either under the doctrine of respondeat superior or otherwise.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1580–1582; Dec. Dig. § 751.*]

Appeal from Trial Term, New York County.

Action by Michael McNamara against the City of New York and another. From a judgment for plaintiff, and an order denying a new trial, defendant City appeals. Reversed, and complaint dismissed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Clarence L. Barber, for appellant.
Wm. D. Gaillard, for respondent.

SCOTT, J. This is an appeal by the defendants, city of New York and Terry & Tench Company, from a judgment entered upon a verdict, and from an order denying the motion for a new trial. The Terry & Tench Company neither appeared upon the argument nor filed a brief, and we are therefore concerned only with the appeal of the city of New York.

The action is for damages for personal injuries. The city of New York contracted with John C. Rogers to construct a viaduct over the railroad tracks at West 177th street. Rogers sublet the steel construction work to Terry & Tench Company. On the day of the accident the employés of the latter company were engaged in painting the steel superstructure, using in the prosecution of this work planks to serve as footholds or scaffolds. As the plaintiff walked under the structure, one of these pieces of plank fell, hitting him on the head, and producing the injuries for which he sues. As against the city the case was allowed to go to the jury upon the theory that, having authorized the erection of the structure, it was bound to exercise care to protect those who had occasion to pass under it.

In submitting the case to the jury, the court dwelt upon, and was undoubtedly influenced by, the supposed analogy between this case and one in which the city, by contract or license, expressly authorizes the erection of a dangerous obstruction in the highway. There is in fact, however, no analogy. In the case of dangerous obstructions, such as excavations and the like, the very thing authorized to be done is inherently dangerous. In the present case there was nothing inherently dangerous in painting the viaduct, and, although the city may have had full notice and knowledge that the subcontractor was about to do the painting, there was no reason why it should anticipate that the work would be so done as to endanger the safety of passers-by. The rule applicable to such a case is stated by Judge Dillon thus:

"But the municipality is not liable when the obstruction or defect in the street causing the injury is wholly collateral to the contract work, and entirely the result of the negligence or wrongful acts of the contractors, subcontractor or his servants. In such case the immediate author of the injury is alone liable." 2 Dillon on Munic. Corp. (4th Ed.) § 1030.

The painting of the viaduct undoubtedly might have been so carefully done that no passer underneath would have been injured. For the lack of care, if there was such a lack, the city is certainly not liable.

"If the act to be done may be safely done in the exercise of due care, although in the absence of such care injurious consequences to third persons would be liable to result, then the contractor alone is liable, provided it was his duty under the contract to exercise such care." Engel v. Eureka Club, 137 N. Y. 100, 32 N. E. 1052, 33 Am. St. Rep. 692.

Of course, the plaintiff cannot recover against the city under the doctrine of respondeat superior, because neither the contractor, nor the subcontractor, nor the employés of the latter, were servants or agents of the city. Froelich v. City of New York, 199 N. Y. 466, 93 N. E. 79.

The respondent seeks to sustain the judgment appealed from on the authority of Hume v. Mayor, etc., 74 N. Y. 264, wherein the city was held liable for damages resulting from the fall of a wooden awning erected over the sidewalk. Again the cases are not analogous. In the Hume Case it was specially found that the awning was visibly and obviously constructed in such a manner as to be dangerous to persons using the sidewalk, and that it had existed in this condition for a sufficient length of time to impute notice and knowledge to the city. Under these circumstances it was held that the structure was inherently dangerous, and in that sense constituted a nuisance and an unlawful obstruction in the highway. In the present case there is no claim that the viaduct is inherently dangerous, nor can it be claimed with reason that the act of painting it is inherently an act dangerous to persons using the highway. We can see no ground, on the undisputed and indisputable facts, upon which a judgment against the city of New York can be upheld.

As to the city, the complaint should have been dismissed at the trial, and the judgment as against it must be reversed; and since, under the circumstances, no evidence can be produced to fasten liability upon the city, the complaint, as against it, will now be dismissed, with costs to said city, appellant, in this court and the court below. All concur.